**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIANCHENG DU, | No. 12-70623 |
| Petitioner, | Agency No. A088-487-943 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Liancheng Du, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Thus, we deny Du's request
for oral argument.

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Du established extraordinary circumstances excusing his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *Tamang v. Holder*, 598 F.3d 1083, 1090 (9th Cir. 2010) (setting forth requirements for ineffective assistance of counsel claim). We lack jurisdiction to consider Du's contention that he established changed circumstances in China. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction to review claims not exhausted before the BIA). Consequently, Du's asylum claim fails.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Du's statements that he was a school teacher in China and his household registration document showing that he was an auto factory punch worker. *See Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007); *Shrestha*, 590 F.3d at 1046-47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). Du's explanations do not compel a

contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Du's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Du's CAT claim fails because it is based on the same testimony found not credible, and he points to no other evidence that compels the finding that it is more likely than not he would be tortured if returned to China. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**